DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| RANDALL T. LAKE, | ) ) ) |
| Defendant. | ) ) |

Civil Action No. 2015-0017

**Attorneys:**
**Johanna Harrington, Esq.,**
St. Thomas, U.S.V.I.
**Ryan C. Meade, Esq.,**
Miami, FL
    *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Second Amended Motion for Default Judgment" filed by Plaintiff, Federal National Mortgage Association ("FNMA" or "Plaintiff"), on August 17, 2016 against Defendant Randall T. Lake ("Lake"). (Dkt. No. 21). For the reasons discussed below, the Court will grant Plaintiff's Second Amended Motion for Default Judgment.[1]

### I. BACKGROUND

On March 7, 2015, FNMA filed a Complaint against Lake in this debt and foreclosure action. (Dkt. No. 1). The Complaint provides that, on October 31, 2003, Ravina I. Lake executed a promissory note (the "Note") in which she promised to pay the lender named therein, Mortgage

---

[1] FNMA had also filed a Motion for Default Judgment on January 13, 2016 against Randall T. Lake (Dkt. No. 13), and an Amended Motion for Default Judgment on August 1, 2016 (Dkt. No. 18). These motions will be denied as moot.

Electronic Registration Systems ("MERS"), as nominee for Flagstar Bank, FSB, the principal sum of $135,000.00, together with interest at the rate of 6.375% per annum in equal monthly installments of $842.22. *Id.* ¶ 5. Repayment of the Note was secured by a Mortgage, also executed on October 31, 2003 by Ravina I. Lake, covering the following real property (the "Property"), described in the Mortgage as:

> Plot No. 107 of Estate La Reine, King Quarter, St. Croix, U.S. Virgin Islands, consisting of 0.5108 U.S. acre, more or less, as shown on OLG Drawing No. 4555, dated May 30, 1989.

(Dkt. No. 1-2). The Note and Mortgage were subsequently assigned to Plaintiff, which owns and holds the Note and Mortgage and is entitled to enforce these instruments. (Dkt. No. 1, ¶¶ 5, 6).

The Complaint goes on to say that the Property was conveyed by Adjudication Deed dated October 24, 2007 from the Superior Court of the Virgin Islands, in the matter of the Estate of Ravina I. Lake, Deceased, Case No. SX-06-PB-0080, to Randall Lake. *Id.* ¶ 7. The Complaint provides that Randall Lake defaulted under the terms and conditions of the Note and Mortgage by failing to make the payment due on February 1, 2008 and all subsequent payments. *Id.* ¶ 8. FNMA elected to accelerate the loan in the entire unpaid principal sum of $125,483.02 plus unpaid accrued interest and late charges and other associated costs and fees. *Id.* ¶¶ 9, 10. FNMA asks that judgment include all unpaid principal and interest due and payable, plus interest accruing thereafter at the legal rate until judgment is satisfied; foreclosure of the Property and an order that it be sold in satisfaction of Lake's indebtedness; a deficiency judgment for any amount that may remain due on the judgment; and costs and fees incurred in collecting the debt. *Id.* at p. 4.

On June 18, 2015, FNMA filed a Motion for Service by Publication, explaining how its efforts to locate and serve Lake had been unsuccessful. (Dkt. No. 3). The Court granted the motion (Dkt. No. 4), and proof of service by publication was subsequently filed. (Dkt. Nos. 5-7).

Thereafter, on September 3, 2015, FNMA filed an application for entry of default. (Dkt. No. 8). The Clerk of Court entered default against Lake on September 18, 2015. (Dkt. No. 10).

On January 13, 2016, FNMA filed its initial Motion for Default Judgment. (Dkt. No. 13). On July 18, 2016, the Court issued an Order directing FNMA to explain in greater detail the types of costs which comprised the $6,571.54 in "foreclosure costs" that it was seeking in the damages included in its Affidavit of Indebtedness. (Dkt. No. 17). On August 1, 2016, FNMA filed an Amended Motion for Default Judgment which contained an amended Memorandum of Law. (Dkt. No. 18). FNMA also filed an Affidavit of Indebtedness (Dkt. Nos. 19-7, 19-8), a Declaration of Counsel (Dkt. No. 19-10), as well as numerous exhibits. The amended Memorandum of Law and Affidavit of Indebtedness addressed the Court's inquiry contained in its July 18, 2016 Order. However, because the damages figures contained in the Amended Motion for Default Judgment did not match the damages figures contained in the Affidavit of Indebtedness, the Court ordered Plaintiff to amend its filings so that the damages figures would be consistent. (Dkt. No. 20). On August 17, 2016, FNMA filed the instant Second Amended Motion for Default Judgment and exhibits. (Dkt. Nos. 21, 22, 23, 24, 25).

In its Memorandum, FNMA states that Ravina I. Lake executed the Note and Mortgage on the Property; Lake obtained title to the Property upon the death of Ravina I. Lake by the Adjudication entered by the Superior Court; although Lake is not personally liable on the Note, he took title to the Property subject to the pre-existing Mortgage; a default occurred under the terms and conditions of the Note and Mortgage for failure to make the payment due on February 1, 2008 and all payments thereafter; and, as a result, FNMA decided to foreclose its lien. (Dkt. No. 21). The Memorandum indicates that the total damages sought from January 1, 2008 through November 12, 2015 are $240,690.52. FNMA attached pertinent documentation, such as the Note,

Mortgage, Assignments, Certificate of Death of Ravina I. Lake, Superior Court Adjudication, and Title Report in support of its contentions. (Dkt. Nos. 22-1 through 22-6; Dkt. No. 23).

The Memorandum further provides that the Note was endorsed to Citimortgage, Inc. from Flagstar Bank, after which Citimortgage endorsed the Note to "blank" or holder. (Dkt. No. 21 at 3). The Mortgage was assigned from MERS, as nominee for Flagstar, to Citimortgage, Inc., which then assigned the Mortgage to FNMA, which owns and holds the Note and Mortgage and is entitled to enforce those instruments. *Id.; see also* Dkt. Nos. 22-3, 22-4. As support for its assertion that $240,690.52 is due and owing on the Property as of November 12, 2015, FMNA cites the Affidavit of Indebtedness. *Id.* at 4. The Affidavit is signed by Jennette Hall, a Foreclosure Specialist of Seterus, Inc., FNMA's duly appointed servicer and attorney-in-fact for the loan. (Dkt. No. 25-1). Ms. Hall explains that she is familiar with the type of records maintained by Seterus in connection with the loan; the information provided in her affidavit is taken from Seterus' business records; and she has personal knowledge of how Seterus creates those records. *Id.*, ¶¶ 1-3. She avers that FNMA owns and holds the Note and Mortgage and is entitled to enforce those instruments. *Id.* ¶ 6. The Affidavit further provides that Lake, who took the Mortgage when he accepted the conveyance of the Mortgaged Property from the probate division of the Superior Court, has defaulted under the terms and conditions of the Mortgage, and that default has not been cured. *Id.* at ¶¶ 8, 9.

The Affidavit of Indebtedness sets forth the amounts due and owing on the loan through November 12, 2015: $125,483.02 in unpaid principal balance; interest from January 1, 2008 through November 12, 2015 of $62,904.30; insurance and tax advances of $43,794.70; and recoverable balance of $8,508.50 (consisting of $1,561.46 in property preservation fees, $375.00

4

in title costs, and $6,571.54 in "foreclosure costs"[2]); for a total indebtedness of $240,690.52. *Id.* ¶ 9. Ms. Hall asserts that interest accrues at the per diem rate of $21.92 unless there is an interest rate change set forth in the Note. *Id.* She also states that Seterus has retained the law firm of Quintairos, Prieto, Wood & Boyer, P.A. to prosecute the foreclosure action, and that the firm would submit its request for attorney's fees and costs in this matter. *Id.* at ¶ 10.

In its Memorandum, FNMA points out that, because Lake was not the borrower, it did not have any of his personal identifying information (such as social security number or date of birth) to determine his military status. (Dkt. No. 21 at 5). However, its process server performed a search of the Department of Defense Manpower Database and determined that Lake was not an active member of the U.S. Armed Forces. *Id.*

In the Declaration of FNMA's Counsel, Johanna Harrington, Esq. described in detail the efforts made to serve Lake. (Dkt. No. 23-2). Counsel asserted that, "[u]pon information and belief," Lake was an adult because the Adjudication entered in the Matter of the Estate of Ravina I. Lake vested title in the Property to Mr. Lake directly and not through a guardian. *Id*. Counsel added, also "[u]pon information and belief," that Lake was competent because the process server spoke to Lake by telephone, and a person residing at the Property stated that Lake was working in the mainland United States. Counsel avers that "[e]mployment and communication skills are strong indicators of competency." *Id.*

In sum, FNMA argues that default judgment against Lake is appropriate because it has shown that Ravina I. Lake, deceased, executed the Note and Mortgage; Lake, who received title to the Property through the Adjudication, is in default under the terms of those instruments for failure to make payments after February 1, 2008; and FNMA is entitled to foreclose on the Property

---

[2] The foreclosure costs are further broken down in the Memorandum, and represent legal posting, publication and recording costs of $970.00, and attorney's fees of $5,602.04. (Dkt. No. 21 at 4).

because it is the holder of the instruments. (Dkt. No. 21 at 6-8). Finally, FNMA asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 9.

## II. APPLICABLE LEGAL PRINCIPLES

In a motion for default judgment, "'the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment.'" *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951). In the context of a grant of default judgment pursuant to Federal Rule of Civil Procedure 55, "'[t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Star Pacific Corp.,* 574 F. App'x at 231 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

A motion for default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemembers] Civil Relief Act.

*Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012)); *see also* Fed. R. Civ. P.

55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

### III. ANALYSIS

FNMA has satisfied all of the requirements necessary to obtain a default judgment against Lake. It has shown that Lake has title to the property subject to FNMA's Mortgage based on the Adjudication entered by the Superior Court of the Virgin Islands in the probate matter entitled *In the Matter of the Estate of Ravine I. Lake*, Case No. SX-06-PB-0080.[3] (Dkt. No. 13-6); *see Bank of Nova Scotia v. Dore*, 51 V.I. 105, 2012 WL 5290243, at *5 (V.I. Super. Ct. 2012) (observing that real property passes to heirs subject to any mortgages recorded thereon). Lake was properly served by publication (Dkt. Nos. 5, 7); he has not appeared; and default was entered against him by the Clerk of Court (Dkt. No. 10). Further, in her Declaration (Dkt. No. 23-2), Johanna Harrington, Esq., averred that, "[u]pon information and belief," based on a communication with Defendant and on his employment status, Lake was both an adult and competent, which suffices to satisfy these two default judgment requirements. *See FirstBank Puerto Rico v. Jaymo Properties, LLC*, 379 F. App'x 166, 170 (3d Cir. 2010) (holding that bank attorney's affidavit stating in good faith that defendant was a competent adult is sufficient to find that a non-appearing defendant is not a minor or incompetent person for the purposes of obtaining a default judgment). In addition, Plaintiff provided a copy of a Status Report from the Department of Defense

---

[3] The caption of the Adjudication is apparently mis-spelled, as the Mortgage and Note spell Ms. Lake's name as "Ravina."

Manpower Data Center showing that Lake was not an active member of the military service as defined in the Servicemembers Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 3-1).

In the Affidavit of Indebtedness supporting the Second Amended Motion for Default Judgment, and attached exhibits, FNMA has shown with specificity how it calculated the amount of the judgment. (Dkt. No. 25-1, and attachments). However, the "foreclosure costs" of $6,571.54 requested in the Affidavit of Indebtedness constitute attorney's fees and costs (Dkt. No. 21 at 4), and FNMA stated in its Affidavit of Indebtedness that "attorney's fees and costs are not requested through this affidavit" but will be submitted by the law firm of Quintairos, Prieto, Wood & Boyer, P.A. (Dkt. No. 25-1 at ¶ 10). Accordingly, the Court will not award the attorney's fees and costs in the attached Judgment.

The Court has also considered the *Chamberlain* factors and finds that FNMA will be prejudiced if default judgment is not granted because the debt is continuing and interest continues to accrue, and there is no apparent litigable defense for Lake. Further, Lake's default is a result of his culpable conduct as evidenced by his failure to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Accordingly, default judgment is appropriate.

### IV.   CONCLUSION

FNMA has satisfied the requirements necessary for a default judgment against Defendant Randall T. Lake. Accordingly, Plaintiff's Second Amended Motion for Default Judgment (Dkt. No. 21) on the debt and foreclosure causes of action in its Complaint will be granted. Plaintiff's

initial Motion for Default Judgment (Dkt. No. 13) and Amended Motion for Default Judgment (Dkt. No. 18) will be denied as moot.

      An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: October 4, 2016                              _____/s/_____
                                                          WILMA A. LEWIS
                                                          Chief Judge